UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

MOLEKULE GROUP, INC. and                    Case No. 23–18094–EPK
MOLEKULE, INC.,                             Case No. 23–18093–EPK

                                            Chapter 11
            Debtors.                        (Jointly Administered)
_____/

### MOTION FOR SANCTIONS AGAINST AURA SMART AIR, LTD. OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY RESPONSES

Molekule Group, Inc. ("Molekule Group"), pursuant to Federal Rule of Civil Procedure 37, respectfully requests the entry of an order sanctioning Aura Smart Air, Ltd. ("ASA Ltd.") or, in the alternative, compelling discovery responses. In support of this request Molekule Group states:

**A.    Background.**

1.      On December 11, 2023, ASA Ltd. filed Proof of Claim No. 28-1 against Molekule Group (the "Claim").

2.      On December 14, 2023, Molekule Group filed an objection to the Claim (the "Objection"), and ASA Ltd. thereafter filed a timely response (the "Claim Response"). ECF Nos. 295 and 354. The Objection is thus a contested matter governed by Fed. R. Bankr. P. 9014.

3.      On January 12, 2024, Molekule Group issued a set of document requests to ASA Ltd., a copy of which is attached hereto as **EXHIBIT "A"** (the "Discovery").

Pursuant to Local Rule 9014-1, a written response to the Discovery was due within fourteen days of service, i.e. on or before January 26, 2024.

4.    ASA Ltd. requested an extension of the deadline.  Molekule Group did not oppose that request, and the deadline was extended to February 9, 2024 upon agreement of the parties and in accordance with Federal Rule of Civil Procedure 34(b)(2)(A).

5.    However, the extended deadline has come and gone.  Despite repeated follow-up communications from the undersigned, ASA Ltd. has to date failed to respond to the Discovery.

**B.    Sanctions are Appropriate Under Rule 37(d).**

6.    Rule 37(d) governs sanctions "against a party for especially serious disregard of the obligations imposed by the discovery rules even though it has not violated any court order."  8B Wright & Miller, Federal Practice and Procedure, Civil § 2291 (3d ed.).  The rule states in relevant part that the Court may order sanctions of the type listed in Rule 37(b)(2)(A)(i)–(vi) if a party *inter alia* fails to serve a written response to document requests, after notice.  Fed. R. Civ. P. 37(d)(1) and (3).  "No court order is required to bring Rule 37(d) into play.  It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party."  Wright & Miller, *supra*.

7.    The sanctions permitted by a violation of Rule 37(d) include striking pleadings, staying further proceedings until discovery requests are complied with and rendering a default judgment against the disobedient party.  In weighing an

appropriate sanction, courts consider factors such as whether the violation was the result of willful or bad faith conduct, the prejudice to the moving party, and whether a lesser sanction will ensure compliance with future court orders. *See Kartagener v. Carnival Corp.*, 380 F.Supp.3d 1290, 1297–98 (S.D. Fla. 2019) (citations omitted). Molekule Group respectfully submits that these factors weigh in favor of striking the Claim Response with prejudice.  ASA Ltd. has not explained why it has utterly failed to respond to the Discovery after being granted a consensual extension.  Moreover, a contested matter is designed to be a relatively expedient, cost-effective manner of litigating, in which many of the rules present in adversary proceedings do not apply. *See generally* Fed. R. Bankr. P. 9014(c) (limiting application of Part VII rules in contested matters); Local Rule 9014-1 (shortening response deadlines in contested matters).   Failing to the Discovery thwarts these goals and delays litigation unnecessarily.

8.    In light of these factors Molekule Group respectfully requests that the Court strike the Claim Response with prejudice.

### C.    Alternately, the Court Should Direct ASA Ltd. to Respond to the Discovery.

9.    Fed. R. Civ. P. 37(a) permits a party to move for an order compelling disclosure or discovery when *inter alia* a party fails to answer deposition questions or interrogatories, or fails to produce documents. Fed. R. Civ. P. 37(a)(3).

10.    Again, ASA Ltd. has not responded to outstanding discovery. Molekule Group respectfully requests an order compelling it to do so under Rule 37(a), in the alternative to the Rule 37(d) relief requested *supra*.

**D.**     **Molekule Group Should be Awarded Attorneys' Fees and Costs Against ASA Ltd.**

11.     Rule 37(d)(3) permits the Court to award reasonable expenses, including fees, caused by the conduct at issue "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3). Additionally, if a motion to compel is granted, Rule 37(a) directs the Court, after giving an opportunity to be heard, to "require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  As with Rule 37(d)(3), an award of expenses may not be justified under certain circumstances, including when the discovery objections were substantially justified.  *Id.*  For the reasons stated *supra*, ASA Ltd.'s failure respond to discovery is not justified under the circumstances.  An award of fees and expenses against ASA Ltd. is merited under Rule 37(d)(3) or 37(a)(5)(A), as applicable.[1]

## GOOD FAITH CERTIFICATION

The undersigned certifies, pursuant to Fed. R. Civ. P. 37(a)(1) and 37(d)(1)(B), and Local Rule 7026-1, that he has attempted to confer with counsel for ASA Ltd. by email on February 12 and 14, and by telephone on February 16, 2024, in a good faith effort to resolve by agreement the issues raised herein without Court intervention, but has been unable to do so.

**WHEREFORE**, Molekule Group respectfully requests the entry of an order (1) awarding sanctions against the ASA Ltd. under Rule 37(d)(1), in the form of

---

[1]     Molekule Group is not seeking an award of fees against counsel for ASA Ltd.

{2471/001/00576085}

striking the Claim Response or such other sanctions as determined by the Court; (2) in the alternative, compelling the ASA Ltd. to immediately respond to the Discovery attached hereto under Rule 37(a); (3) awarding Molekule Group fees and costs against ASA Ltd. under Fed. R. Civ. P. 37; and (4) granting Molekule Group such further relief as the Court deems just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on February 16, 2024.

SHRAIBERG PAGE P.A.
Attorneys for Molekule Group
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
pdorsey@slp.law

By: ___/s/ Patrick Dorsey_____
          Patrick Dorsey, Esq.
          Florida Bar. No. 0085841

{2471/001/00576085}

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

MOLEKULE GROUP, INC. and                        Case No. 23–18094–EPK
MOLEKULE, INC.                                  Case No. 23–18093–EPK

                                                Chapter 11
        Debtors.                                (Jointly Administered)
_____/

## DEBTOR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO AURA SMART AIR, LTD.

Molekule Group, Inc. (the "Debtor"), pursuant to Fed. R. Civ. P. 34, serves the following document requests on Aura Smart Air, Ltd. ("Aura") in connection with the contested matter on the *Objection to Claim No. 28-1 Filed by Aura Smart Air, Ltd.* ECF No. 295. This notice is intended to cover the documents specified in SCHEDULE "A" that are in the possession, custody and control of Aura. Pursuant to Local Rule 9014-1, written responses to the document requests are due within fourteen (14) days of service.

## DEFINITIONS

1.  Aura: Means Aura Smart Air, Ltd., together with and all members, managers, managing members, officers, employees, accountants, attorneys, or other agents thereof.

2.  Claim: Means Proof of Claim No. 28-1 filed by Aura, including all causes of action and other claims (as such term is defined in 11 U.S.C. § 101(5)) referenced therein.

3.  Communication: Means and includes, without limitation, statements, discussions, negotiations, conversations, speeches, meetings, remarks, questions, answers, panel discussions, symposia, and every other manner of disclosure, transfer or exchange of information, whether written or oral. The term includes communications and statements which are face-to-face and

those which are transmitted by media such as intercom, telephone, television, radio, mail, modem, email or text messages.

4.   Concerning:  Means relating to, referring to, referencing, reflecting, describing, discussing, evidencing, supporting, stating, mentioning, embodying, setting forth, commenting on, assessing, recording, constituting, comprising, touching upon, summarizing, identifying, commenting on, reflecting, indicating, analyzing, pertaining to in any way, or having any logical or factual connection whatsoever to the subject matter in question.

5.   Creditor:  Has the definition ascribed to it in 11 U.S.C. §§ 101(5) and 101(10).

6.   Debtor:  Means Molekule Group, Inc., together with and all members, managers, managing members, officers, employees, accountants, attorneys, or other agents thereof.

7.   Debtors:  Means Molekule Group, Inc. and Molekule, Inc., together with and all members, managers, managing members, officers, employees, accountants, attorneys, or other agents thereof.

8.   Document:  Shall be interpreted in the broadest sense, and includes all contracts, communications, correspondence, memoranda, summaries, notes, records, reports, studies, books, summaries, writings, summaries or records of telephone conversations or electronic mail messages, summaries or records of personal conversations or interviews, summaries or records of negotiations, diaries, telegrams, minutes or records of meetings or conferences, calendars, forecasts, work papers and all drafts (of whatever date), journals, file folders, ledgers, accounts, appraisals, bills, invoices, checks, statements, inter-office or intra-office communications, electronic mail messages, bulletins, brochures, pamphlets, circulars, trade letters, printed matter including newspapers, magazines and other publications, and articles and clippings therefrom, advertisements, press releases, teletypes, telecopies, facsimiles, lists, language translations, transcriptions, computer printouts, disks or tapes, graphs, charts, drawings, photographs, film, phono records, other recordings, audio or video tapes, microfiche, microfilm, and other data compilations from which information can be obtained or translated, if necessary, by the respondent into reasonably usable form.   Any draft, copy, amendment, alteration, or modification of any document which differs in any respect from the original or final document, whether in words, numbers, punctuation, date, length or format, or by reason of notations, annotations, comments or other markings thereon, or otherwise, is a separate document.  When a document is within the scope of a request for a request for production of documents, all amendments, riders, drafts, attachments, exhibits thereto, and all other documents which were ever physically attached to such document, by any means, are also requested.  When an amendment, rider, attachment or exhibit to a document

is within the scope of a request for production of documents, the document, and all other amendments, riders, attachments, exhibits thereto, and all drafts of any of them, are also requested. If a photograph, film, computer disk or tape, video tape and audio tape are requested, as are any inexact duplicates of any such photograph, film, disk or tape, including, without limitation, all enlargements, enhancements, and the like. Written or recorded notes, measurements, and dictations for later transcription for review are within the definition of Document in this Request.

9.     ESI: Means any electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

10.    Merger Agreement: Means the Merger Agreement attached to the Claim as Exhibit 5.

11.    Objection: Means the *Objection to Claim No. 28-1 Filed by Aura Smart Air, Ltd.* filed at ECF No. 295.

12.    Person: Means any natural person, corporation, partnership, proprietorship, firm, association, company and joint venture whether public or private, as well as any governmental agency, division or department.

13.    TCA: Means the Technology Collaboration Agreement attached to the Claim as Exhibit 1.

## INSTRUCTIONS

1.     Each page of each document should be numbered consecutively, and the documents shall be produced with an accompanying index appropriately identifying the document, the beginning page number of the document as numbered in accordance with this Request to which the document responds.

2.     The documents sought include documents within the respective custody, possession or control of Mr. Moore and each of Mr. Moore's agents, including, without limitation, documents in the custody, possession or control of the accountants, advisers, attorneys, representatives, directors, officers, employees and/or other agents of same.

3.     Any document requested that has been destroyed or otherwise disposed should be identified by author, addressee, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, person authorizing

destruction or other disposition and person destroying or disposing of the document.

4.    If any document is withheld on the basis of a claimed privilege, state with respect thereto:

      (i)      The privilege upon which you are relying;
      (ii)     The holder of the privilege;
      (iii)    The type of document (e.g., letter, memorandum, etc.);
      (iv)    The date;
      (v)     The author;
      (vi)    The addressee;
      (vii)   The subject matter of the document;
      (viii)  Number of pages;
      (ix)    Attachments or appendices;
      (x)     All persons to whom distributed, show, or explained; and
      (xi)    Present custodian.

5.    This document request shall be deemed to be continuing so as to require further and supplement production if you receive, produce, create, discover, or acquire additional documents covered by this request after the time of the initial production.

6.    The following rules of construction apply to all discovery requests contained herein:

      (i)      <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.
      (ii)     <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
      (iii)    <u>Singular/Plural</u>.  Words importing the singular number shall mean and include the plural number, and vice-versa.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by First Class U.S. mail and email to all parties listed below, on January 12, 2024.

Jerry Tamayo, Esq.
110 S.E. Sixth Street
Suite 1500
Fort Lauderdale, FL 33301
jdt@TrippScott.com

Respectfully Submitted,

**SHRAIBERG PAGE P.A.**
Attorneys for the Debtors
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: pdorsey@slp.law

By:    /s/ Patrick Dorsey
       Patrick Dorsey, Esq.
       Florida Bar. No. 008584

## **SCHEDULE A**

1.      All Documents and ESI that were relied upon or otherwise utilized in preparing the Claim.

2.      All Documents and ESI that are referenced in the Claim.

3.      All Documents and ESI that Aura intends to introduce as exhibits or otherwise utilize during the evidentiary hearing on the Objection.

4.      All contracts to which either or both of the Debtors are a party.

5.      All contracts between to which (a) Aura and (b) either or both of the Debtors, are parties.

6.      All communications with the Debtors.

7.      All Documents and ESI, including descriptions of work, invoices, travel receipts, and communications, evidencing the services that Aura alleges to have performed under the TCA.

8.      All Documents and ESI utilized or otherwise relied upon in calculating the $485,643 figure that the Claim alleges is owing under the TCA.

9.      All Documents and ESI in which the Debtor agreed to purchase goods from Aura.

10.      All purchase orders issued by either or both of the Debtors to Aura.

11.      All Documents and ESI, including descriptions of work, invoices, travel receipts, and communications, evidencing the expenses that Aura alleges to have incurred for training the Debtor's sales and marketing personnel.

12.      All Documents and ESI utilized or otherwise relied upon in calculating the $353,354 figure that the Claim alleges is owing under the Co-Distribution Agreement attached to the Claim as Exhibit 3.

13.      All communications with creditors of Aura.  The timeframe for this request is January 1, 2023 to the present.

14.      All account statements, invoices, bills and late or past due notices issued by creditors of Aura to Aura.  The timeframe for this request is January 1, 2023 to the present.

15.      All Documents and ESI, including financial account statements, cancelled checks, wire transfers, evidencing payments made by Aura to its creditors. The timeframe for this request is January 1, 2023 to the present.

16.     All Documents and ESI evidencing the assertion in the Claim that, "As a result of said breach, and as a result of the Debtor's failure to pay the amounts referenced above, the Claimant became insolvent and filed for bankruptcy in Israel."

17.     All Documents and ESI utilized or otherwise relied upon in calculating the $11.2 million damages figure alleged in the Claim.

18.     All Documents and ESI filed of record in the Israeli bankruptcy case initiated by Aura.

19.     All Documents and ESI evidencing that the Parent Lender Consent and Bank Mizarahi Consent (as such terms are defined in the Merger Agreement) were ever in full force and effect.  The timeframe for this request is January 1, 2023 to the present.

20.     All Documents and agreements that were required to be entered into or delivered under or in connection with the Parent Lender Consent and the Bank Mizrahi Consent (as such terms are defined in the Merger Agreement).  The timeframe for this request is January 1, 2023 to the present.