

**ORDERED in the Southern District of Florida on March 14, 2024.**

**Erik P. Kimball
Chief United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 23-18094-EPK |
| MOLEKULE GROUP, INC. *et al.*, | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

### ORDER ON OBJECTION TO CLAIM OF AURA SMART AIR, LTD AND MOTION FOR SANCTIONS AGAINST AURA SMART AIR, LTD

This matter came before the Court on March 13, 2024 for hearing on the *Objection to Claim No. 28-1 Filed by Aura Smart Air, LTD* [ECF No. 295] (the "Objection to Claim") and for continued hearing on the *Motion for Sanctions Against Aura Smart Air, LTD or in the Alternative, to Compel Discovery Responses* [ECF No. 413] (the "Motion for Sanctions") both filed by Molekule Group, Inc. and Molekule, Inc., the reorganized debtors in these jointly administered chapter 11 cases.

On October 3, 2023, the debtors filed chapter 11 petitions.  On October 4, 2023, the Court jointly administered their cases designating Molekule Group, Inc., Case No. 23-18094-EPK, as the lead case.  ECF No. 44.

On December 11, 2023, Aura Smart Air LTD ("Aura") filed Proof of Claim 28-1 in the amount of $12,838,877.00 alleging breach of contract as the basis for the claim. On December 14, 2023, the Debtors filed the Objection to Claim requesting that Aura's entire claim be stricken and disallowed. On January 11, 2024, Aura responded to the objection to its claim. ECF No. 354.

On January 12, 2024, in connection with the Objection to Claim the Debtors served discovery requests on Aura. Pursuant to Local Rule 9014-1, responses were due on or before January 26, 2024. Aura requested an extension of that deadline and the Debtors agreed to extend the response deadline to February 9, 2024. Aura did not provide any response to Debtors' discovery requests by the extended deadline or at any time thereafter.

After appropriate notice to parties in interest including Aura, the Court held a confirmation hearing on the Debtors' *Modified Amended Joint Plan of Reorganization* [ECF No. 317] on January 18, 19, and 22, 2024. On February 5, 2024, the Court confirmed the plan. ECF No. 405. Aura's claim, to the extent allowed, would be a general unsecured claim. The confirmed plan provides for a one-time pro-rata distribution of $150,000 to general unsecured creditors plus potential distributions from later litigation recoveries.

On February 13, 2024, Aura's counsel filed a motion to withdraw. ECF No. 410. At a hearing on that motion, among other things, Aura's counsel stated that Aura had failed to provide information necessary to permit responses to the Debtors' discovery requests. The Court granted counsel's motion to withdraw and ordered Aura to immediately retain new counsel to represent it in this case. ECF No. 431.

On February 16, 2024, the Debtors filed the Motion for Sanctions for Aura's failure to timely respond to Debtors' discovery requests despite the agreed extended deadline. After a hearing on February 28, 2024, the Court granted the Motions for Sanctions in part, directed Aura to respond to the Debtors' discovery requests no later than March 8, 2024,

and ordered Aura to reimburse the Debtor for $2,000 in legal fees and costs resulting from the need to file and present the Motion for Sanctions. ECF No. 426.  The Court reserved ruling on the Debtors' requests for additional sanctions, including awarding additional legal fees and costs, striking Aura's response to the Objection to Claim with prejudice, and disallowing Aura's filed claim, and set a further hearing on March 13, 2024.

On March 13, 2024, the Court held a continued hearing on the Motion for Sanctions and the initial hearing on the Objection to Claim.  Debtors' counsel informed the Court that Aura still had failed to respond to Debtors' discovery requests, that Aura had not paid the fees and costs ordered by the Court, and that Aura had yet to retain new counsel to represent it in this case.

Aura appeared through its Israeli court appointed liquidator, a lawyer admitted to practice in Israel.  Aura's liquidator stated that Aura was unable to retain its prior counsel because of an inability to pay a requested retainer and that Aura had difficulty obtaining replacement counsel.

The Court advised Aura that without counsel admitted to practice before this Court, Aura would be unable to defend against the Debtors' Objection to Claim.  The Court expressed concern that Aura had yet again failed to comply with the Debtors' discovery requests, even after entry of an order compelling responses.  The Court advised Aura that the Court would provide Aura with additional time to retain counsel admitted to practice before this Court, failing which the Court would grant the Debtors' motion to strike Aura's response to the Objection to Claim, disallow Aura's filed claim, and order additional monetary sanctions to compensate the Debtors for legal fees and expenses.

For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:

1.      The hearing on the Objection to Claim [ECF No. 295] and the Motion for Sanctions [ECF No. 413] is CONTINUED to April 3, 2024 at 1:30 p.m. at the United States

Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401. Corporate entities must appear through counsel admitted to practice before this Court. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E.

If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143. All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

2. Not later than April 1, 2024 at 5:00 p.m. West Palm Beach, Florida time, new counsel for Aura, admitted to practice before this Court, must file a notice of appearance in these jointly administered cases. If Aura fails to comply with this requirement by said deadline, the Court will enter an order striking Aura's response to the Objection to Claim, disallowing Claim 28-1, and canceling the continued hearing on the Objection to Claim. In any case, the Court will hold the continued hearing on the Motion for Sanctions to ascertain whether additional sanctions should be ordered against Aura.

###

Copies furnished to:

Bradley S. Shraiberg, Esq.

*Bradley S. Shraiberg, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*